[No. 54707-6.   En Banc.   May 4, 1989.]

OLYMPIC VIEW WATER AND SEWER DISTRICT, *Appellant,*
v. SNOHOMISH COUNTY, ET AL, *Respondents.*

---

*Allen J. Hendricks,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Carol J. Weibel, Deputy,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

This case involves a zoning dispute between a water and sewer district on the one hand, and a county on the other. It is a companion case to *Everett v. Snohomish Cy.,* 112 Wn.2d 433, 772 P.2d 992 (1989) in the sense that these two cases were argued before this court at the same time.

The Olympic View Water and Sewer District asserts that it has the authority to establish a shop and storage facility on certain property in South Snohomish County without complying with Snohomish County's zoning code. The County, on the other hand, maintains that its zoning

authority is paramount and that the water and sewer district is required to comply with the County's zoning regulations.

The District owns a parcel of property in South Snohomish County which is located in a residentially zoned area. In November of 1986, the District applied for a conditional use permit to build an office, shop and storage facility on this property. A Snohomish County hearing examiner approved issuance of the permit.

The owners of a neighboring residence, Richard and Sue Williams, appealed that decision to the Snohomish County Council, arguing that shop, storage and maintenance uses were industrial in character and incompatible with the surrounding residential neighborhood. The county council approved the conditional use permit insofar as it concerned the office building, but denied it as to the shop and storage facility.

The District thereupon brought this action against Snohomish County and the Snohomish County Council, hereinafter collectively referred to as the County. The District moved for summary judgment in its favor on the siting dispute. The motion was denied and the Superior Court subsequently entered judgment for the County.

We granted the District's petition for direct review and address the principal issue raised therein.

ISSUE

Are the land use activities of the Olympic View Water and Sewer District immune from the County's zoning regulations?

DECISION

CONCLUSION. Legislative intent determines whether the District's activities are immune from the zoning regulations of the County. In reviewing the statutes empowering the pertinent activities of both the District and the County, it is apparent that the legislative intent is that the District be required to comply with the County's zoning regulations in establishing a shop and storage facility in the County.

By our opinion in the companion case of *Everett v. Sno-homish Cy., supra,* filed on this same date, we addressed a similar "sibling rivalry" between subunits of government. In that case, the City of Everett sought to establish a sludge utilization project on a site within unincorporated Snohomish County and maintained that it was not required to comply with the County's zoning regulations. As we there explained, that problem was but illustrative of a broad range of potential controversies between subunits of government concerning the siting of unpopular but necessary facilities.

In *Everett,* we examined at some length the four tests traditionally applied to resolve such disputes and noted the serious deficiencies attending each of them. We then concluded that "the real determinant in cases such as this, is *legislative intent." Everett,* at 440. After carefully examining the authority extended by the Legislature to both the City and the County in that case, we concluded that the Legislature intended for the City to comply with the County's zoning code. In so deciding, we emphasized that

> the Legislature, in empowering cities to acquire property within and without their corporate limits and to acquire, construct and operate sewage and solid waste disposal systems, did not provide detailed standards to guide them in selecting sites to dispose of their sewage sludge and solid wastes. Nor did the Legislature purport to pre-empt the field of zoning regulations or otherwise oust the counties from their zoning authority.

(Footnotes omitted.) *Everett,* at 442.[1]

The case presently before us is similar to *Everett.* Here, the Legislature in empowering water and sewer districts to maintain and supply waterworks,[2] maintain and

---

[1]*See also Edmonds Sch. Dist. 15 v. Mountlake Terrace,* 77 Wn.2d 609, 613–14, 465 P.2d 177 (1970).

[2]RCW 57.08.010.

operate systems of sewers,[3] and to acquire property necessary for such purposes,[4] provided no detailed standards to guide such districts in selecting sites for facilities such as the shop and storage facility at issue herein. Further, the Legislature did not purport to preempt the field of zoning regulations or otherwise oust counties of their zoning authority in such cases. Upon examining the statutory authority granted by the Legislature to both the District and the County herein, we likewise perceive the intent of the Legislature to be that the District comply with the County's zoning code.[5]

We again point out, however, as we did in *Everett,* that the County may not erect impenetrable barriers against the projects of other subunits of government merely because it possesses zoning authority.[6] It also appears evident in this case that there are a number of areas within the County where the County's zoning regulations will accommodate the shop and storage facility sought by the District.[7]

The District's additional argument that a hearing examiner lacks the authority to deny a conditional use permit is without merit.

---

[3]RCW 56.08.010.

[4]RCW 57.08.010; RCW 56.08.010.

[5]The District is granted its powers under statutes governing water districts (RCW 57.08) and statutes governing sewer districts (RCW 56.08). The County derives its zoning authority from the Planning Enabling Act of the State of Washington (RCW 36.70).

[6]*Everett v. Snohomish Cy.,* 112 Wn.2d 433, 443, 772 P.2d 992 (1989).

[7]The County points out: "As governmental facilities, a designated use in the Snohomish County Zoning Code, the District's shop and storage facilities may be located either without any permit in any of the seven community business, commercial or industrial zones, or with a conditional use permit, in any other zone except the freeway service zone." Brief of Respondent, at 20–21.

Affirmed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, PEARSON, DURHAM, and SMITH, JJ., concur.

DORE, J., concurs in the result.